Judge Buckner,
delivered the opinion of the court.
Wilson bought of Ambrose Jeffries one hundred and fifteen and one half acres of land, at the price of $¡1400, payable in commonwealth’s bank pa-er, of which he paid, $¡800. For the remaining $600, the executors of Jeffries sued him and recovered judgments. Jeffries bound himself to make a deed with general warranty for the land, on the payment of the purchase money, but died, having made no conveyance.
On bill filed by vendee foi exhibition of title, vendor must show aii unbroken chain of conveyances from the commonwealth clown to himself.
Wilson filed this bill in chancery, against the executors and heirs of said Jeffries, alleging that they were not able to make or cause to be made to him,1 a valid fitie for the land purchased. He demands of the heirs the production of their title-papers, and to show if thej can, a connected chain of conveyances from Francis Smith the patentee, under whom they claim, to themselves, and prays that if able, they may be compelled to convey to bim, according to the Contract of their ancestor; if unable, he demands a rescisión of the contract. The executors answered, acknowledging the contract between Wilson and their testator, as set forth in his bill, exhibiting the nature of the claim of their testator to the land which he sold, and insisting upon the ability of the heirs, to convey a valid title, and their willingness to do so, upon the payment of the purchase money. The heirs, being infants, answered in the same way, by guardian ad litem.
Upon the hearing of the cause, the circuit court dissolved the injunction with damages, which had been obtained by Wilson, against the judgments at law, and dismissed his bill with costs. To reverse that decree, he prosecutes this appeal.
The proof produced was entirely insufficient to show the ability of the heirs to convey, and the decree was therefore erroneous. The claim of title exhibited with the answers of the heirs and executors, consisted of a patent to FrancisSmith, for two thousand and fifty acres, and the following deeds:
1st. From said Smith to James Blair, George Madison and Agatha Smith, for one thousand and fourteen acres, part of said two thousand and fifty acres, dated in August, 1798.
2d. From Lewis Marshall, and Agatha his wife, to Thomas V. Loughborow, for one hundred and eighty three acres, part of said tract of two thousand and fifty acre's, dated ülst. November, 1809.
3d. From Loughborow and wife, to Ambrose Jef-fries,' for two hundred and eighty acres, part of said original tract of Francis Smith, dated 1st. Jan. 1812.
4th. From Ambrose Jeffries and wife, to Leonard Daniel, for .sixty-four acres, and some poles, dated sixth July, 1810.
*496 5th. From Leonard Daniel and wife, to the heirs of Jeffries, for sixty-five acres;
There were no depositions taken in the cause; and it must, therefore, be apparent, that there was a failure to exhibit the evidences of a good title. If the tract sold by Jeffries, to the appellant, be a part of the one thousand and fourteen acres, conveyed by Smith, to Blair, Madison and tgatha Smith, there, was no proof showing that the title has ever passed from them. It is probable, that a partition was made between them, and it may be, that Marshall intermarried with A. Smith; but not the slightest evidence of such facts, was produced. Not even a survey was returned, for the purpose of enabling the court to determine the position of the one hundred and fifteen and one half acres, in the bounds of Smith’s patent; nor indeed any evidence, showing, that it was embraced by that patent. Conceding however, that the deed from Marshall and wife, to Loughborow invested him with title, to the tract of one hundred and eighty-three acres there described; it still remains to be shown, how Loughborow was enabled to convey two hundred and eighty acres to Jeffries. There are other defects in the proof, which might be mentioned, but about which, it is deemed unnecessary to consume time.
The executors in their answer, allege that the land sold by their testator, had been held uninterruptedly, under Smith’s claim, from the date of his patent, and had been in occupation under a deed from Smith, by successive grantees for about thirty years. That however, is assertion without proof. But it might be true, and yet insufficient to show that Ambrose Jeffries in his life had, or that his heirs now have, title to the land. But had the appellees succeeded in showing title in the heirs, the decree would have still been erroneous. Wilson in his bill, declares his willingness to pay the jud-ments, if he could get a valid title; and in the event of its appearing that the heirs were invested' with such title, he prays that a conveyance might be decreed to him. Upon the payment of the money due, he had a right to demand it; and as the heirs were infants, he could procure a conveyance, in no other way, than by a decree of a court of chancery. A perpetual injunction against the judgments at law, should have been decreed, and the contract recsinded.
Monroe, for appellant; Richardson, for appellees.
The decree of the court below must be reversed with costs, the cause remanded to that court,, and ■decree there entered in pursuance of this opinion.